```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                **No. 06-161**

**CRAIG JONES**                                           **SECTION: I**

### ORDER AND REASONS

Before the Court is defendant's, Craig Jones' ("Jones"), motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the following reasons, Jones' motion is **DENIED**.

### BACKGROUND

On June 9, 2006, Jones was indicted by a federal grand jury for conspiracy to distribute and to possess with the intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846.[2] Jones hired Albert A. Bensabat, III, ("Bensabat") on August 9, 2006,[3] and Bensabat enrolled as counsel of record during Jones' rearraignment on August 10, 2006.[4]

At his rearraignment, pursuant to a plea agreement,[5] Jones

---

[1] Rec. Doc. No. 129. Jones filed this motion *pro se*.

[2] Rec. Doc. No. 22.

[3] Rec. Doc. No. 129-5, p. 4.

[4] Rec. Doc. No. 51. Virginia Schlueter was initially appointed as Jones' counsel on June 23, 2006. Rec. Doc. No. 27. She was replaced by William Murphy Doyle on June 27, 2006. Rec. Doc. No. 36.

[5] Rec. Doc. No. 56.

pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base.[6]  In exchange for Jones' guilty plea, the government dismissed all other charges.

On November 9, 2006, the Court sentenced Jones to a term of 140 months.[7]  Jones filed this motion on October 24, 2007, arguing that his conviction and sentence should be vacated pursuant to 28 U.S.C. § 2255 because he received ineffective assistance of counsel.  Specifically, Jones contends that his conviction should be vacated because Jones' attorney failed to fully investigate the facts and law surrounding Jones' case, failed to investigate possible defenses, and failed to challenge the evidence prepared by the government.  Jones alleges that as a result of ineffective assistance of counsel, he unknowingly and involuntarily entered into a plea agreement and waived his right to appeal his sentence.[8]

---

[6]*Id*. at p.1.

[7]Rec. Doc. No. 97.  As noted in the presentence investigation report, Jones was responsible for 176.5 net grams of cocaine base.

[8]Rec. Doc. No. 129-4, pp. 4-5.  Jones alleges that Bensabat "did not have a full opportunity to investigate the facts and the law applicable to [Jones'] case, as well as to any possible defense [that Jones] may have had" because Bensabat was retained one day before the rearraignment. Rec. Doc. No. 129-5, p. 4.  Jones contends that Bensabat "did not make a good-faith effort to discover the facts relevant to his sentencing and to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him." *Id*. at p. 7.  Jones also argues that Bensabat "did not explain to him Foreseeable under the United States Sentencing Guidelines, (U.S.S.G.) Section 1B1.3." *Id*. at p. 9.
   In support of his arguments, Jones claims that the presentence report stated that he was responsible for trafficking 176.5 net grams of cocaine base, and that "a reasonably competent counselor would have attempted to learn that it was only 79.5 grams involved in the whole conspiracy." *Id*. at p. 7.  Jones argues that Bensabat was ineffective because he allowed Jones to plead guilty to distributing between 150 grams and 500 grams of cocaine base when only 79.5 grams

## LAW AND ANALYSIS

The standard for judging the performance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove deficient performance and resulting prejudice. *Strickland*, 466 U.S. at 697, 104 S. Ct. 2070-71. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S. Ct. at 2064. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive *Strickland*

---

of cocaine base was sold during the conspiracy. *Id.* at p. 9.
    According to Jones, Bensabat was ineffective when he failed to object "to the 17 grams found at 54657, during the execution of the search warrant, on October 21, 2004" because Jacob Wilson admitted that the drugs were his. *Id.* at 11. Jones also contends that Bensabat should have objected to the 3 grams of cocaine base sold by Butler on July 29, 2005. *Id.* at 12. Jones claims that these two drug transactions should not have been used to establish his offense level because they were "neither within the scope of petitioner's agreement, nor was it reasonably foreseeable in connection with the criminal activity petitioner agreed to jointly undertake." *Id.* at 12.

standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Kimler*, 167 F.3d at 893. The petitioner bears the burden of satisfying the *Strickland* prongs by a preponderance of the evidence. *Galvan-Palomino v. U.S.*, 2007 WL 596578, at *1 (W.D. Tex. Feb. 20, 2007) ("In a § 2255 proceeding, the burden of proof is on the movant by a preponderance of the evidence") (citing *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938)).

In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). With respect to the prejudice prong of *Strickland*, defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370).

As previously stated, Jones contends that his conviction should be vacated because his attorney failed to fully investigate the facts and law applicable to his case and failed to object to the evidence prepared by the United States. *Lockhart* explains that:

> where the alleged error of counsel is a failure to

4

> investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59, 106 S. Ct. at 370.

A defendant's counsel "has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Smith v. Dretke*, 422 F.3d 269, 283-284 (5th Cir. 2005) (citing *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997)). While defense counsel is "not required to pursue every path until it bears fruit or until all conceivable hope withers," *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir.1980), an attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance, *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Under *Strickland*, a defendant "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted), *cited in United States v. Goodley*, 183 F. App'x 419, 422-23 (5th Cir. 2006).

5

Jones argues that as a result of Bensabat's inadequate investigation, Bensabat failed to object to the quantity of cocaine base involved in the conspiracy which subjected Jones to a longer sentence.[9]  Jones also argues that Bensabat failed to explain to Jones the meaning of "reasonably foreseeable."[10]  Jones contends that there is a reasonable probability that, but for Bensabat's failures, Jones would have insisted on proceeding to trial.

Jones bases his arguments on the misguided belief that the government could only charge him with the amount of cocaine base that was actually seized.  However, drug conspiracy charges are based not only on the amount of drugs actually seized, but also the amount that is reasonably foreseeable to be involved in the conspiracy.  *See, e.g., U.S. v. Thomas*, 12 F.3d 1350, 1369 (5th Cir. 1994)(stating the district court could infer the total amount of cocaine involved throughout the duration of the conspiracy based on the amount seized).

During his rearraignment, Jones explicitly stated that he understood that, although his indictment stated that the conspiracy at issue involved only 50 grams or more of cocaine base, the amount of cocaine base that was distributed by Jones and that was reasonably foreseeable to be involved in the conspiracy, i.e., the

---

[9]Rec. Doc. No. 129-5, pp. 4-11.

[10]*Id*. at pp. 9-11.

amount for which Jones was, therefore, responsible, included a total quantity of at least 150 grams, but less than 500 grams, of cocaine base.[11]  Jones admitted the same in the factual basis.[12]

---

[11]The Court explained the following to Jones during his rearraignment:

| | |
|---|---|
| The Court: | Do you understand that although the indictment says that the conspiracy was to distribute and possess with intent to distribute either 50 grams or more of crack cocaine base, you are admitting that the amount of cocaine base that you were responsible for distributing or that which was reasonably foreseeable to you as being distributed includes a total quantity of at least 150 grams, but less than 500 grams of cocaine base, which increases your exposure as far as penalties are concerned.  Do you understand that? |
| Jones: | Yes, Sir. |
| Court: | So you understand the government's evidence? |
| Jones: | Yes, Sir. |
| Court: | Are the statements made by the U.S. Attorney correct? |
| Jones: | Yes, Sir. |
| Court: | Do you agree that is what you did? |
| Jones: | Yes, Sir. |

Rec. Doc. No. 143, p. 31.

[12]*Id.*  Jones read, signed, and approved the government's factual basis which provided, in pertinent part:

> **Craig Jones** admits that he agreed with at least one other person or persons, in the charged conspiracy and joined together to accomplish some unlawful purpose, that is, a conspiracy to distribute and possess with the intent to distribute cocaine base ("crack").  He knew that his actions were unlawful, joined in this agreement with other defendants/co-conspirators willfully and with the intent to further the conspiracy's unlawful purpose.  Although he may not have known all of the details of the unlawful scheme or the identities of all of the other defendants/co-conspirators, he did understand the unlawful nature of the plan to conspire to possess with the intent to distribute quantities of cocaine base, and joined in that plan on at least one occasion and furthered its objective.  **Craig Jones** also agrees that he was not merely present at the scene of the conspiracy but was a voluntary, knowing and

7

Considering Jones' admissions in the written factual basis and to the Court, Jones has not demonstrated by a preponderance of the evidence that Bensabat's performance fell below an objective standard of reasonableness.[13] Furthermore, Jones has not

---

    active participant in the object of the conspiracy.
        The undersigned prosecutor and DEA Special Agents assigned to this investigation have done a thorough review of all drug types and quantities provable during the entire course of the conspiracy. The amount of cocaine base that **Craig Jones** is responsible for distributing or was reasonably foreseeable to him in this case includes a total quantity of at least 150 grams but less than 500 grams of cocaine base. This assessment was arrived at through careful analysis of all confidential informant purchases, consensually monitored telephone calls, law enforcement surveillance, telephone records analysis and witness interviews.

Rec. Doc. No. 55, pp. 5-6.

[13]The Court notes that Jones was afforded the opportunity to continue his rearraignment in order to allow Bensabat additional time to investigate this case and to discuss with Jones any relevant issues. Rec. Doc. No. 143, pp. 22-23. Jones decided, however, to decline said opportunity and to proceed with his rearraignment. *Id*. at p. 23.
    During Jones' rearraignment, the Court engaged Jones and Bensabat in the following dialogue:

    Court:      Well, Mr. Bensabat, why are you here on the day of rearraignment asking to be enrolled?

    Bensabat:   I was retained yesterday, Judge, and we're ready to proceed with the rearraignment. We've got everything worked out.

    Court:      Well, if you were retained yesterday, how are you familiar enough with the case to be able to represent [the defendant]?

    Bensabat:   I reviewed the discovery. I reviewed the plea agreement. I've discussed the case with the defendant. I believe that we're in a position to go forward.

    Court:      Have you spoke with the government?

    Bensabat:   I have.

    Court:      Have you all had a chance to speak?

| | |
|---|---|
| Doyle: | Your Honor, I provided to counsel all the discovery I had. I spoke with him concerning this matter.  I am in agreement with counsel that it is in the best interest of Mr. Jones to be rearraigned at this stage. |
| Court: | What about you, Mr. Jones; what do you want to do? |
| Jones: | **I want to plead out**. |

Rec. Doc. No. 143, pp. 3-4. (emphasis added).

(BREAK IN TRANSCRIPT)

| | |
|---|---|
| Court: | (To Jones) Now my question to you is this: You understand that all this information has been shared, you've had a chance to talk with Mr. Bensabat, you've had an opportunity to speak with the government.  Are you sure that you spoke with everybody enough that you want to go through with this now, or do you want to hold this plea off another week or so? |
| Jones: | I spoke with everybody. |
| Court: | I'm sorry? |
| Jones: | I have spoke with everybody. |

*Id.* at pp. 6-7.

(BREAK IN TRANSCRIPT)

| | |
|---|---|
| Court: | (To Jones) Have you had sufficient time to discuss with your attorney the facts of your case and any possible defenses you may have? |
| Jones: | **Yes, sir**. |
| Court: | Are you entirely satisfied with the advice and services of your counsel? |
| Jones: | **Yes, sir**. |

*Id.* at pp. 17-18. (emphasis added).

(BREAK IN TRANSCRIPT)

| | |
|---|---|
| Court: | (To Jones) Now, Mr. Bensabat just got on this case two days ago.  I told you before we started this process that if you wanted some extra time for Mr. Bensabat to go ahead and look into this matter, if you feel like something else needs to be done, that I will give you that additional time before you decide to plead guilty.  Do you understand that? |

demonstrated that, but for Bensabat's alleged failures, there is a reasonable probability that he would not have pled guilty.[14]

The Court also finds that Jones has waived his right to challenge his sentence pursuant to § 2255. "A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (citing *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)). Jones' plea agreement provides that "defendant hereby expressly waives the right to appeal his sentence on any ground... including but not limited to a proceeding under Title 28, United States Code, Section 2255."[15] In addition to the language of the plea agreement, the

---

| | |
|---|---|
| Jones: | Yes, sir. |
| Court: | Do you want to go forward with your guilty plea or do you want me to go ahead and continue this until another date so that you and your counsel have more time to look into this? |
| Jones: | **I want to go forward with it.** |

*Id*. at pp. 22-23. (emphasis added).

[14] The factual basis presented by the government notes that Jones and others would take turns utilizing certain properties as a drug distribution center. Rec. Doc. No. 55, p. 2. From early morning hours to late in the evening, Jones and other co-conspirators would take turns selling cocaine base to customers that would arrive at aforementioned properties in vehicles. *Id*. During their operations, Jones and his co-conspirators would utilize "lookouts" to detect and warn members of the conspiracy of police presence in the area. *Id*. Jones fails to appreciate that the evidence supporting this conspiracy was not solely based on what was actually seized.

[15] Rec. Doc. No. 56, p. 2. By the terms of Jones' plea agreement, he "reserve[d] the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most

Court specifically discussed this waiver with Jones at his rearraignment.[16] The Court concluded that Jones' guilty plea was made knowingly and voluntarily.[17]

Jones' claim of ineffective assistance of counsel with respect to his sentence will only survive his waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Caselaw permits Jones to argue that the waiver of his rights, or the plea agreement containing this waiver, was entered into unknowingly or involuntarily because of his counsel's alleged ineffective assistance. *United States v. Gray*, 202 F. App'x 669, 670 (5th Cir. 2006) ("[W]e have held that ineffective assistance of counsel claims challenging the plea and waiver themselves survive the waiver . . . .").

Jones' arguments notwithstanding, the Court has already found that Jones' allegations regarding the alleged ineffectiveness of Bensabat's representation are without merit. Considering the Court's findings and the extensive colloquy at Jones' rearraignment concerning Jones' plea agreement, guilty plea, and waiver of the

---

applicable by the sentencing court."

[16]Rec. Doc. No. 143, p. 20.

[17]*Id.* at p. 32.

11

right to appeal,[18] the Court finds that Jones has not demonstrated that Bensabat's alleged ineffective assistance may have affected the validity of Jones' guilty plea or his waiver in the plea agreement.  Jones' waiver of his right to contest his sentence pursuant to § 2255 is, therefore, valid.

Accordingly,

**IT IS ORDERED** that Jones' motion to vacate sentence and conviction pursuant to 28 U.S.C. § 2255 is **DENIED**.

New Orleans, Louisiana, April _____22nd_____, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18]Rec. Doc. No. 143, pp. 15-20.  *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)(stating a proper colloquy can cure any misunderstanding a defendant has about the consequences of his plea).

12